### JONES v STATE

Ohio Appeals, 7th Dist, Monroe Co.
Decided April 30, 1930

Kremer & McKisson, Woodsfield, for Jones.

John K. Sawyers, Jr., Woodsfield, for State.

588 .

ROBERTS, J.

Briefly stated, it is the contention of counsel for the plaintiff in error that the line of demarcation between cases in which the defendant has a constitutional right to a trial by jury, and those in which he has not such right to a trial by jury, likewise between cases presented to the Court upon indictment in the first instance, and by information or affidavit in the second instance; that is, it is claimed by counsel for the plaintiff in error that having been indicted, and being brought to trial upon an indictment, he was entitled to trial by jury, to· which, he would not have been entitled had the charge been preferred against him otherwise than upon indictment.

The industry of counsel has not resulted. in the discovery of any reported case in which this proposition has been expressly considered.

It is claimed by the prosecuting attorney that so far as a right of trial by jury is concerned, that it is unimportant whether the charge be placed by indictment, information and affidavit, but that the true rule is that a charge of an offense punishable by imprisonment entitles the person so charged to trial by jury, and that where imprisonment is not a part of the penalty, a right to a trial by jury does not exist.

In the case of **Inwood v. the State, 42 Oh St., 186,** the syllabus reads as follows:-

"A statute, which authorizes a penalty by a fine only, upon a summary conviction under a police regulation or of an immoral practice prohibited by law, although imprisonment, as a means of enforcing the payment of the fine is authorized, is not in conflict with either section 5 or 10 of article I of the constitution, on the ground that no provision is made for a trial by jury in such cases."

In the case of **Cochran v. the State, 105 Oh St, 541,** it is said in the opinion on page 542:-

"It has been frequently announced in the decisions of this Court, some of which are quite recent, that the right of trial by jury obtains only (where under the provisions of the statute claimed to have been violated, a sentence of imprisonment may be imposed as a part of the punishment for such violation."

In this opinion, the Court quotes from **Hoffrichter v. State, 102 Oh St, 65:-**
"It has long been the settled doctrine

of this state, confirmed by repeated decisions of all our courts, that where the penalty imposed by criminal statute is merely a fine, the right of trial by jury as guaranteed by the constitution does not apply."

There is no contention in this case but that the statute, under which the plaintiff in error was prosecuted, provided a fine only as a punisment.

In the case of **Steward v. State, 117 Oh St, 568,** it is said in the opinion on page 570:-

"On the first of these grounds, plaintiff in error seems to have labored under a misapprehension. He had apparently found that section before it had been amended, when imprisonment was made a part of the penalty.

During the period laid in the affidavit, and during the time when the offense was alleged to have been committed, imprisonment was no part of the penalty.

The situation is therefore governed by the unbroken line of authorities."
Then, follows citation of authorities including those hereinbefore quoted.

This rule has been adhered to in the case of **Weimer v. State, 118 Oh St, 129.** The opinion in this case is per curiam and very short and reads as follows:-

"This cause has been filed in this court under claim of right, upon the ground that a constitutional question is involved. It is only necessary to inquire whether the constitutional question is an unsettled one.

Weimer was convicted in the probate court of Greene County, Ohio, for violation of the state prohibition laws. Imprisonment was not a part of the penalty.

It is contended that, by virtue of the provisions of Section 10 of Article I of the state Constitution, he is entitled to jury trial. A motion to dismiss the petition in error was filed by the state.

The motion to dismiss must be sustained upon the authority of Work v. State, 2 Ohio St., 296; Inwood v. State, 42 Oh St 196; Smith v. Smith, 69 O. S. 196; St. v. Borham, 72 O. S., 358; Hoffrichter v. St., 102 O. S., 65; Stiess v. St., 103 O. S., 33; Decker v. State, 113 O. S., 512; Sheward v. St., 117 O. S., 568."

The rule thus seems to be clearly and unmistakably recognized in numerous decisions by the Supreme Court, that the test of a right to a jury trial depends upon the provision of law under which the offense is alleged; that if it charges an offense punishable by imprisonment, a right to a jury exists. If the punishment does not include imprisonment, that the right does not exist.

This rule seems to be so strongly entrenched as to exclude the contention made by counsel for plaintiff in error, that the right depends upon whether or not the charge is made by indictment from consideration as a test of right.

The judgment of the Court of Common, pleas is affirmed.

Pollock and Farr, JJ, concur.